IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FIFTH THIRD BANK,

                Plaintiff,                Case No. 3:10 CV 2451

    -vs-

                                          MEMORANDUM OPINION

U. S. GOLF & SPORT CENTERS, INC.,
et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff Fifth Third Bank's ("Plaintiff") Motion to Remand (Doc. 4) and U.S. Golf & Sports, Inc., Arthur H. and Louise Bell, and the Lucas County Treasurer's ("Defendants") opposition thereto (Doc. 6). For the following reasons, Plaintiff's Motion to Remand will be granted (Doc. 4). Pending motions to strike the affidavit of David McGranahan (Doc. 7), to dismiss a counterclaim (Doc. 12), and to strike affirmative defenses and jury demand (Doc. 13) will be denied as moot.

**I. Background**

Plaintiff filed a Complaint for Cognovit Judgment on Guaranty, a Judgment Upon Promissory Notes, and a Foreclosure of Mortgage in the Lucas County Court of Common Pleas on March 30, 2010. (Doc. 2). One day after filing the Complaint, Judge Zmuda granted Plaintiff a temporary restraining order on the Defendants' use and sale of assets pursuant to a disputed Security Agreement. (Doc. 4-11 at 4). As a result of Defendants' motion for an emergency hearing regarding the state court's temporary restraining order, Arthur H. Bell, Louise Bell, a representative from Fifth Third Bank, and attorneys for both parties appeared in state court on April 7, 2010. (Doc. 4-11 at 6-7); (Doc. 4-2). After hours of negotiations, the agreement was read

into the record and a stipulated order was issued by Judge Zmuda on April 9, 2010. (Doc. 4-3). The state court held that it would retain jurisdiction while the case was stayed pending further action of either party. (Doc. 4-4 at ¶12, 13).

The Lucas County Treasurer was served on April 6, 2010. (Doc. 4-11 at 7). Service to Louise and Arthur H. Bell was returned as "not deliverable," "no mail receptacle," and "refused." (Doc. 4-11 at 7-8). Attempted service on U.S. Golf & Sport Centers, Inc. was returned "unclaimed." (Doc. 4-11 at 9). There is no evidence of attempts at further service in the record.

Defendants filed a motion for extension of time relative to the payment obligation within the agreed order on April 23, 2010, which the state court subsequently denied. (Doc. 4-11 at 8-9). Also in state court, Defendants filed a motion to reschedule a hearing date and a motion for extension of time to respond to Plaintiff's Complaint on May 5 and 6 respectively. *Id*. at 9. On May 11, 2010, after a second lengthy negotiation session between counsel and Judge Zmuda, the parties resolved the matter and the case was officially stayed. *Id*. at 10. Defendants filed an entry of appearance on October 15, 2010, and three days afterwards, Fifth Third filed a motion to reopen the case and enforce the agreed upon orders. *Id*. The Defendants filed their motion in opposition to reopening the case on October 27, 2010, and a Notice of Removal on October 28, 2010. *Id*. Defendants filed an Answer and Counterclaim in this Court on December 7, 2010, wherein they did not raise the affirmative defense of insufficient process. (Doc. 5). Plaintiff alleges that remand is proper on four separate grounds: 1) Defendants' Notice of Removal is untimely; 2) Defendants have failed to establish diversity jurisdiction; 3) the action is not properly removable under 28 U.S.C. 1441(b); and 4) Defendants have violated the unanimity

2

requirement by failing to include all defendants in their notice of removal. (Doc. 4). For the following reasons, the Court remands this matter to the Lucas County Court of Common Pleas.

### III. Discussion

*A. The Court lacks subject matter jurisdiction*

Defendants do not have proper jurisdiction before this Court. The Lucas County Treasurer is a named defendant in the original state court action, but was not included in the Notice of Removal. Defendants maintain that the Lucas County Treasurer is a nominal party, and thus the Court may disregard his citizenship. (Doc. 6 at 3). For the following reasons, the Court finds that the Lucas County Treasurer is a necessary party to this action, and thus the Court lacks diversity jurisdiction.

Federal courts are courts of limited jurisdiction. *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996) (citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). A defendant may remove any civil action from state to federal court only if the district courts of the United States have original jurisdiction, both at the time of the original action and when the petition for removal is filed. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); Fed. R. Civ. P. 19(a). Original jurisdiction exists when the amount in controversy exceeds $75,000 and there is either a federal question or diversity. 28 U.S.C. § 1441(a), (b). Diversity must be complete, which is to say every plaintiff is diverse from every defendant. 28 U.S.C. § 1332. Federal courts must strictly construe removal jurisdiction, and all "doubts as to the propriety of removal are resolved in favor of remand." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The defendant seeking removal bears the burden of showing that removal is proper. *Her Majesty the Queen in Right of*

*Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. Mich. 1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)).

A county treasurer with a tax lien is a necessary party to a foreclosure case, and thus the Lucas County Treasurer is a non-nominal party to this action. *Countrywide Home Loans, inc. v. Bartmasser*, 2008 WL 4678840 (S.D. Ohio 2008) (holding that remand is proper because the Franklin County Treasurer is a citizen of Ohio and properly a defendant in a foreclosure proceeding); *Huntington Natl. Bank v. Ross*, 130 Ohio App. 3d. 687, 693 (1998) ("The holder of rights or interest in property is a necessary party to the foreclosure action."). Because Plaintiff and the Treasurer are both Ohio citizens, the participation of the Lucas County Treasurer destroys diversity jurisdiction. Further, because the Court lacks any basis for jurisdiction, this case must be remanded to state court so that the Treasurer may participate. *See Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09; *Burns*, 31 F.3d at 1095; 28 U.S.C. § 1441(a), (b).

### *B. The Rule of Unanimity has been violated*

Moreover, because Defendants did not provide an explanation for the non-joinder of the Lucas County Treasurer, remand is required under the rule of unanimity. *See Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 972-973 (S.D. Ohio 2003) ("[a] Notice of Removal filed by less than all [non-nominal] defendants 'is considered defective if it does not contain an explanation for the non-joinder of those defendants.'") (citing *Klein v. Manor Healthcare Corp.*, 1994 U.S. App. LEXIS 6086, n.8 (6th Cir. Mar. 22, 1994)); *Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003) (holding "all defendants in an action must join in the removal petition or file their consent to removal). Because the Lucas County Treasurer is a non-nominal defendant to the original action, and because Lucas County Treasurer has not been joined or provided its consent to

removal, the Court must consider the Notice of Removal "defective." *See Klein*, 1994 U.S. App. LEXIS 6086; *Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003) ("Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.").

*C. The Notice of Removal is untimely*

Defendants maintain that they have not been properly served, and thus have filed a timely Notice of Removal. (Doc. 6 at 4). The Court disagrees. Although it is unclear from the record whether service of process was perfected, it is evident that Defendants have waived their right to raise the sufficiency of service as a defense.

Under 28 U.S.C. § 1446(b), "removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" A defendant seeking removal must strictly comply with the timing requirements of 28 U.S.C. § 1446(b). *J.L. McGuire & Assocs. v. Innovative Ceramics, Inc.*, 63 F. Supp. 2d 841, 842 (N.D. Ohio 1999). Where a defendant has not been properly served, "a court may obtain jurisdiction over the defendant by 'the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitutes an involuntary submission to the jurisdiction of the court." *Zeigler v. Beers*, 412 F. Supp. 2d 746, 750-51 (N.D. Ohio 2005) (quoting *Maryhew v. Yova*, 11 Ohio St. 3d 154, 156 (Ohio 1984)); *Jindal v. D.O.C. Optics Corp.*, 208 F. Supp. 2d 855, 857 (N.D. Ohio 2002)). Moreover, "'participating in the litigation prior to asserting [an affirmative] defense does constitute a waiver of the defense.'" *Zeigler*, 412 F.Supp. at 751 (quoting *Maryhew*, 11 Ohio St. 3d. at 156).

Here, it is unclear whether service of process was perfected. Defendants Louise and Arthur H. Bell refused service, but there is not evidence that Ohio Civ. R. 4.6(c), which governs

5

refusal of service, was fully complied with. (Doc. 4-11 at 8). Ohio Civ. R. 4.6(c) states that following refusal of service, service is completed upon the mailing by regular mail of the summons and complaint. Although the Supreme Court emphasized in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. 526 U.S. 344, 354 (1999) that the 30 day time period to file a notice of removal does not begin to run until a defendant has been properly served, the Court finds that the Bells waived their right to raise this issue by voluntarily entering into settlement agreements overseen by the state court, and by filing several motions in state court prior to raising the defense of insufficient service of process.

The Bells participated, on two separate occasions, in lengthy settlement negotiations in front of Judge Zmuda. (Doc. 4-2); (Doc. 4-4). These negotiations resulted in the issuance of two signed stipulated settlement orders and, in order to allow the parties to execute the terms of the settlement, a coinciding stay. (Doc. 4-3); (Doc. 4-6). Defendants first argue that these appearances were not voluntary, as they attended only because of the restraining order placed on their assets. (Doc. 6 at 4-5). Even so, Defendants voluntarily negotiated and signed two separate settlement agreements, which had the Complaint attached. This conduct clearly indicates that Defendants had notice of the pending litigation. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. Ohio 2002) ("the intent of § 1446(b) is to make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists.") (internal citations omitted).

Moreover, Defendants filed several motions in state court, none of which raised the issue of sufficiency of process. (Doc. 4-11 at 6) (Defendants filed a motion for emergency hearing on the court's temporary restraining order on April 2, 2010); (Doc. 4-11 at 8-9) (Defendants filed a

motion for extension of time relative to payment obligation within agreed order on April 23,2010); (Doc. 4-11 at 9) (Defendants filed a motion to reschedule a hearing date and a motion for an extension of time to respond to Plaintiff's Complaint on May 5 and 6 respectively); *see Zeigler* 412 F. Supp. 2d at 751 (finding the filing of three motions without raising the defense of insufficient service of process "displayed clear intent to appear and defend on the merits" and resulted in the voluntary waiver of personal jurisdiction). Finally, there is no authority to support Defendants' second argument, that the time period for filing a Notice of Removal is tolled while the case is stayed in state court. *See Trepel v. Kohn, Milstein, Cohen & Hausfeld*, 789 F. Supp. 881 (E.D. Mich. 1992) (the 30 day time limitation of 28 U.S.C. § 1446(b) is mandatory and the defendant must strictly comply with it.).

Therefore, Defendants' October 28, 2010 notice of removal is untimely under 28 U.S.C. § 1446(b).

## *D. Other Matters*

The Court, finding that Defendants had a reasonable basis for believing this case removable, declines Plaintiff's request for an award of costs in bringing its motion to remand.

The Court's finding that the case must be remanded to Common Pleas Court moots the pending motions to strike the affidavit of David McGranahan, to dismiss a counterclaim, and to strike affirmative defenses and jury demand.

## III. Conclusion

For the foregoing reasons, the Court hereby grants Plaintiff's motion to remand (Doc. 4) and remands the matter to the Lucas County Court of Common Pleas for further proceedings. The

.


motions to strike the affidavit of David McGranahan (Doc. 7), to dismiss a counterclaim (Doc. 12), and to strike affirmative defenses and jury demand (Doc. 13) are denied as moot.

IT IS SO ORDERED.

                                      S/ *David A. Katz*
                                      DAVID A. KATZ
                                      U. S. DISTRICT JUDGE